**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **RAYMOND NUGENT** | |
| **and** | |
| **JANIS NUGENT,** | |
|       Plaintiffs, | |
| v. | |
| **ADVANCED CORRECTIONAL HEALTHCARE, INC.** | |
|   SERVE: | |
|       CT Corporation System | Cause No.:  4:18-cv-2042 |
|       120 South Central Ave | |
|       Clayton, MO 63105 | **DELIBERATE INDIFFERENCE** |
| | **WRONGFUL DEATH** |
| **and** | **AND MEDICAL NEGLIGENCE** |
| **AMY MOORE** | |
|   SERVE: | **JURY TRIAL DEMANDED** |
|       CT Corporation System | |
|       [Advanced Correctional Healthcare, Inc.] | |
|       120 South Central Ave | |
|       Clayton, MO 63105 | |
| **and** | |
| **KEITH RATCLIFF, M.D.** | |
|   SERVE: | |
|       CT Corporation System | |
|       [Advanced Correctional Healthcare, Inc.] | |
|       120 South Central Ave | |
|       Clayton, MO 63105 | |
| **and** | |

**FRANKLIN COUNTY**
    SERVE:
        Franklin County Clerk
        400 E Locust, Room 201
        Union, MO 63084

**and**

**HOBIE BROWN**
    SERVE:
        Franklin County Clerk
        400 E Locust, Room 201
        Union, MO 63084

**and**

**ANDY ROSENKOETTER**
    SERVE:
        Franklin County Clerk
        400 E Locust, Room 201
        Union, MO 63084

**and**

**STEPHANIE REYNOLDS**
    SERVE:
        Franklin County Clerk
        400 E Locust, Room 201
        Union, MO 63084

    Defendants.

## COMPLAINT

Raymond Nugent and Janis Nugent ("Plaintiffs") state the following for their Complaint against Advanced Correctional Healthcare, Inc., Amy Moore, Keith Ratcliff, M.D., Franklin County, Missouri, Hobie Brown, Andy Rosenkoetter, and Stephanie Reynolds (collectively "Defendants"):

## PARTIES, JURISDICTION, AND VENUE

1.      Plaintiff Raymond Nugent is a citizen and resident of the State of Missouri.

2

2.      Plaintiff Janis Nugent is a citizen and resident of the State of Missouri.

3.      Devin Nugent ("Devin") was the natural son of Plaintiffs.

4.      Devin died in the custody of Defendant Franklin County, Missouri ("Franklin County") on November 26, 2017.

5.      Plaintiffs bring this action pursuant to 42 U.S.C. § 1983 and Mo. Rev. Stat. § 537.080, commonly referred to as the "Missouri Wrongful Death Statute," on behalf of themselves and all persons entitled to recover under said statute.  Plaintiffs are proper parties to bring this action for the wrongful death of Devin.

6.      Franklin County is a political subdivision of the State of Missouri and is the legal entity responsible for itself and for the Franklin County Adult Detention Center.

7.      Franklin County is the employer of Defendants Amy Moore ("Moore") and Dr. Keith Ratcliff ("Dr. Ratcliff"), and Defendants Hobie Brown, Andy Rosenkoetter, and Stephanie Reynolds.

8.      Advanced Correctional Healthcare, Inc. is an Illinois corporation that regularly conducts business in the state of Missouri. Advanced Correctional Healthcare, Inc. may be served through its registered agent CT Corporation System at 120 South Central Ave., Clayton, MO 63105.

9.      Advanced Correctional Healthcare, Inc. employs Moore and Dr. Ratcliff.

10.     Advanced Correctional Healthcare, Inc. provides medical services at Franklin County Adult Detention Center and provided medical services to Devin.

11.     Advanced Correctional Healthcare, Inc. is an Illinois corporation with its principal place of business located in Illinois.

12.     Moore is a nurse employed by Franklin County and Advanced Correctional Healthcare, Inc. Upon information and belief, Moore is a resident and citizen of Missouri, was at all times relevant acting under color of state law in her capacity as a nurse, and was acting in the course and scope of her employment with Franklin County and Advanced Correctional Healthcare, Inc.

13.     Dr. Ratcliff is a doctor employed by Franklin County Jail and Advanced Correctional Healthcare, Inc. Upon information and belief, Dr. Ratcliff is a resident and citizen of Missouri, was at all times relevant acting under color of state law in his capacity as a doctor, and was acting in the course and scope of his employment with Franklin County and Advanced Correctional Healthcare, Inc.

14.     Hobie Brown is a correctional officer at the Franklin County Adult Detention Center. Upon information and belief, Hobie Brown is a resident and citizen of Missouri, was at all times relevant acting under color of state law in his capacity as a correctional officer, and was acting in the course and scope of his employment by Franklin County.

15.     Andy Rosenkoetter is a correctional officer at the Franklin County Adult Detention Center. Upon information and belief, Andy Rosenkoetter is a resident and citizen of Missouri, was at all times relevant acting under color of state law in his capacity as a correctional officer, and was acting in the course and scope of his employment by Franklin County.

16.     Stephanie Reynolds is a correctional officer at the Franklin County Adult Detention Center. Upon information and belief, Stephanie Reynolds is a resident and citizen of Missouri, was at all times relevant acting under color of state law in her capacity as a correctional officer, and was acting in the course and scope of her employment by Franklin County.

17.     This action arises under the Constitution and laws of the United States, including Article III, Section 1 of the United States Constitution and is brought pursuant to 42 U.S.C. §§ 1983 and 1988. Jurisdiction against Defendants is conferred upon this Court by 28 U.S.C. § 1331 and by the doctrine of supplemental jurisdiction under 28 U.S.C. § 1367.

18.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Franklin County, Missouri, within this Court's geographic judicial district.

## FACTUAL ALLEGATIONS

19.     Devin was arrested on November 20, 2017 in Franklin County.

20.     Devin was taken to the Franklin County Adult Detention Center.

21.     While at the Franklin County Adult Detention Center, Devin developed appendicitis.

22.     Appendicitis in an objectively serious medical condition that can result in infection and death if left untreated.

23.     Devin exhibited many symptoms of his objectively serious medical condition, including severe pain in his abdomen, vomiting, fecal incontinence and hallucinations

24.     Each Defendant was aware of Devin's objectively serious and particular medical needs while Devin was detained at the Franklin County Adult Detention Center.

25.     Each Defendant personally observed Devin's objectively serious and particular medical needs while Devin was detained at the Franklin County Adult Detention Center.

26.     Each Defendant knowingly failed to monitor, treat and/or refer Devin to treatment by a medical professional for his objectively serious medical condition.

27.     The failure to provide any treatment for Devin's appendicitis constitutes deliberate indifference to his objectively serious medical needs.

28.     The failure to ensure that others provided treatment for Devin's appendicitis constitutes deliberate indifference to his objectively serious medical needs.

29.     Devin's appendix ruptured because his appendicitis was not treated, or caused to be treated, by the Defendants.

30.     Between breakfast and lunch on November 26, 2017, no one monitored or checked on Devin in his cell.

31.     Between breakfast and lunch on November 26, 2017, Devin died, alone and unmonitored in his cell, from his untreated objectively serious medical condition.

32.     The medical examiner determined Devin's cause of death was acute peritonitis secondary to acute suppurative appendicitis with streptococcus milleri group.

33.     Devin was 30 years old at the time of his death.

## COUNT I

**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourteenth Amendment
(Defendant Advanced Correctional Healthcare, Inc.)**

34.     Plaintiffs incorporate the above allegations as though fully set forth herein.

35.     42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

36.     Devin was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

37.     Advanced Correctional Healthcare, Inc. is a person under 42 U.S.C. § 1983.

38.     Advanced Correctional Healthcare, Inc. and its employees, agents, and representatives were, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

39.     At the time of the incident that is the subject of Plaintiffs' Complaint, Devin had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

40.     Advanced Correctional Healthcare, Inc. and its employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

41.     The acts or omissions of Advanced Correctional Healthcare, Inc. and its employees, agents, and representatives, as described herein, deprived Devin of his constitutional and statutory rights, resulting in his death and causing Plaintiffs damages.

42.     Advanced Correctional Healthcare, Inc. and its employees, agents, and representatives intentionally, knowingly and purposely deprived Devin of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

43.     Advanced Correctional Healthcare, Inc. and its employees, agents, and representatives are policymakers for the Franklin County Jail, and in that capacity, established policies, procedures, customs, and/or practices for the same.

44.     Advanced Correctional Healthcare, Inc. and its employees, agents, and representatives maintained policies, procedures, customs, and/or practices exhibiting deliberate

indifference to the constitutional rights of citizens, which were the moving forces behind and proximately caused the violations of Devin's constitutional rights as set forth herein.

45.     Advanced Correctional Healthcare, Inc. and its employees, agents, and representatives have developed and maintained long-standing, department-wide customs, policies, procedures, practices, and/or failed to properly train and/or supervise its employees, agents and representatives in a manner amounting to deliberate indifference to the constitutional rights of Devin and the public. The inadequacy of training and/or supervision is so likely to result in violation of constitutional and federal rights, such as those described herein, that the failure to provide proper training and supervision is indifferent to those rights.

46.     The deliberately indifferent training and supervision provided by Advanced Correctional Healthcare, Inc. and its employees, agents, and representatives resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to them and were moving forces in Devin's constitutional and statutory violation injuries.

47.     As a direct and proximate result of Advanced Correctional Healthcare, Inc.'s interference with Devin's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

48.     Advanced Correctional Healthcare, Inc., by and through its agents and employees, actually knew of Devin's objectively serious medical needs, but were deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

      a.     Advanced Correctional Healthcare, Inc. knowingly failed to properly monitor Devin;

      b.     Advanced Correctional Healthcare, Inc. knowingly failed to properly treat Devin's medical condition;

c.  Advanced Correctional Healthcare, Inc. knowingly failed to allow Devin access to appropriate medical services and care for his medical needs;

d.  Advanced Correctional Healthcare, Inc. knowingly failed to respond to Devin in a timely manner; and,

e.  Such other acts of deliberate indifference that the evidence will show.

49.     Advanced Correctional Healthcare, Inc. policy-making officials have shown deliberate indifference to or tacit authorization of the above conduct after notice to the officials of that misconduct.

50.     Devin's death was caused by Advanced Correctional Healthcare, Inc.'s unconstitutional customs which delayed the required emergency treatment to save his life.

51.     As a result of the unconstitutional policies and customs of Advanced Correctional Healthcare, Inc., emergency treatment of Devin was delayed, causing his death.

52.     The denial or delay of health care treatment for Devin was attributable to something more than simple negligence upon the part of Advanced Correctional Healthcare, Inc. officials.

53.     Advanced Correctional Healthcare, Inc.'s conduct showed a complete indifference to or a conscious disregard for the safety of Devin and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

54.     Plaintiffs are entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988

WHEREFORE Plaintiffs pray for judgment against Advanced Correctional Healthcare, Inc. in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT II

### Medical Negligence
### (Defendant Advanced Correctional Healthcare, Inc.)

55.     Plaintiffs incorporate the above allegations as if fully set forth herein.

56.     During Devin's care and treatment by Advanced Correctional Healthcare, Inc.,
Advanced Correctional Healthcare, Inc. owed a duty to Devin, individually and/or by and through
its employees, agents, servants and/or representatives as aforesaid, to use that degree of skill and
learning ordinarily used by skillful, careful, and prudent members of the profession in providing
medical services.

57.     Advanced Correctional Healthcare, Inc. breached its duty owed to Devin in one or
more of the following respects:

   i.   Failed to appropriately diagnose Devin's condition;

   ii.  Failed to appropriately manage and anticipate complications;

   iii. Failed to order appropriate tests;

   iv.  Failed to appropriately treat Devin;

   v.   Failed to timely alert medical doctors of Devin's condition;

   vi.  Failed to provide the required medication to treat Devin's condition;

   vii. Failed to monitor Devin; and

   viii. Such further negligence as will be revealed through discovery and the evidence.

58.     As a direct and proximate result of the negligence and carelessness of Advanced
Correctional Healthcare, Inc. as described above, Devin died. Before Devin's death, he suffered
severe discomfort, pain and mental anguish.

59.     As a result of his injuries and death, Devin lost wages and his father has lost the
benefit of future wages.

10

60.     The conduct of Advanced Correctional Healthcare, Inc. as described above demonstrates willful, wanton and/or malicious conduct, and shows complete indifference to or conscious disregard for the safety of Devin and others, justifying an award of aggravating circumstances damages in such sum which will serve to punish Advanced Correctional Healthcare, Inc. and to deter Advanced Correctional Healthcare, Inc. and others from like conduct in the future.

WHEREFORE, Plaintiffs pray for judgment against Advanced Correctional Healthcare, Inc. in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) that is fair, just and reasonable under the circumstances, for aggravating circumstances damages, for pre- and post-judgment interest, for costs herein expended, and for such other relief as the Court deems just under the circumstances.

## COUNT III

**42 U.S.C. § 1983 – Deliberate Indifference to Medical Needs in Violation of the Fourth and Fourteenth Amendments**
**(Defendant Moore in her individual and official capacities)**

61.     Plaintiffs incorporate the above allegations as though fully set forth herein.

62.     42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

63.     Devin was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

64.     Moore is a person under 42 U.S.C. § 1983.

65.     Moore was, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

66.     At the time of the incident that is the subject of Plaintiffs' Complaint, Devin had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

67.     Moore knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

68.     The acts or omissions of Moore, as described herein, deprived Devin of his constitutional and statutory rights, resulting in his death and causing Plaintiffs damages.

69.     Moore intentionally, knowingly and purposely deprived Devin of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

70.     Moore's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Devin's federally protected rights. The indifference displayed by Moore shocks the conscience and so violated Devin's Fourteenth Amendment rights.

71.     As a direct and proximate result of Moore's interference with Devin's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

72.     Moore actually knew of Devin's objectively serious medical needs, but was deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

    i.     Moore knowingly failed to properly monitor Devin;

    ii.     Moore knowingly failed to properly treat Devin's medical condition;

    iii.     Moore knowingly failed to allow Devin access to appropriate medical services and care for his medical needs;

iv.     Moore knowingly failed to respond to Devin in a timely manner; and,

v.      Such other acts of deliberate indifference that the evidence will show.

73.     The denial or delay of health care treatment for Devin was attributable to something more than simple negligence upon the part of Moore.

74.     Moore's conduct showed a complete indifference to or a conscious disregard for the safety of Devin and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

75.     Plaintiffs are entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988.

WHEREFORE Plaintiffs pray for judgment against Moore in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT IV

### Medical Negligence
### (Defendant Moore)

76.     Plaintiffs incorporate the above allegations as if fully set forth herein.

77.     During Devin's care and treatment by Moore, Moore owed a duty to Devin, individually and/or by and through her employees, agents, servants and/or representatives as aforesaid, to use that degree of skill and learning ordinarily used by skillful, careful, and prudent members of the nursing profession in providing medical services.

78.     Moore breached her duty owed to Devin in one or more of the following respects:

i.      Failed to appropriately diagnose Devin's condition;

ii.     Failed to appropriately manage and anticipate complications;

iii.    Failed to order appropriate tests;

    iv.    Failed to appropriately treat Devin;

    v.    Failed to timely alert medical doctors of Devin's condition;

    vi.    Failed to provide the required medication to treat Devin's condition;

    vii.    Failed to monitor Devin;

    viii.    Failed to order monitoring of Devin, and

    ix.    Such further negligence as will be revealed through discovery and the evidence.

79.    As a direct and proximate result of the negligence and carelessness of Moore as described above, Devin died. Before Devin's death, he suffered severe discomfort, pain and mental anguish.

80.    As a result of his injuries and death, Devin lost wages and his father has lost the benefit of future wages.

81.    The conduct of Moore as described above demonstrates willful, wanton and/or malicious conduct, and shows complete indifference to or conscious disregard for the safety of Devin and others, justifying an award of aggravating circumstances damages in such sum which will serve to punish Moore and to deter Moore and others from like conduct in the future

WHEREFORE, Plaintiffs pray for judgment against Moore in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) that is fair, just and reasonable under the circumstances, for aggravating circumstances damages, for pre- and post-judgment interest, for costs herein expended, and for such other relief as the Court deems just under the circumstances.

## COUNT V

**42 U.S.C. § 1983 – Deliberate Indifference to Medical Needs in Violation of the Fourth and Fourteenth Amendments**
**(Defendant Dr. Ratcliff in his individual and official capacities)**

82.    Plaintiffs incorporate the above allegations as though fully set forth herein.

83. 42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

84. Devin was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

85. Dr. Ratcliff is a person under 42 U.S.C. § 1983.

86. Dr. Ratcliff was, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

87. At the time of the incident that is the subject of Plaintiffs' Complaint, Devin had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

88. Dr. Ratcliff knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

89. The acts or omissions of Dr. Ratcliff, as described herein, deprived Devin of his constitutional and statutory rights, resulting in his death and causing Plaintiffs damages.

90. Dr. Ratcliff intentionally, knowingly and purposely deprived Devin of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

91. Dr. Ratcliff's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Devin's federally protected rights. The indifference

displayed by Dr. Ratcliff shocks the conscience and so violated Devin's Fourteenth Amendment rights.

92.     As a direct and proximate result of Dr. Ratcliff's interference with Devin's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

93.     Dr. Ratcliff actually knew of Devin's objectively serious medical needs, but was deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

    i.     Dr. Ratcliff knowingly failed to properly monitor Devin;

    ii.     Dr. Ratcliff knowingly failed to properly treat Devin's medical condition;

    iii.     Dr. Ratcliff knowingly failed to allow Devin access to appropriate medical services and care for his medical needs;

    iv.     Dr. Ratcliff knowingly failed to respond to Devin in a timely manner; and,

    v.     Such other acts of deliberate indifference that the evidence will show.

94.     The denial or delay of health care treatment for Devin was attributable to something more than simple negligence upon the part of Dr. Ratcliff.

95.     Dr. Ratcliff's conduct showed a complete indifference to or a conscious disregard for the safety of Devin and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

96.     Plaintiffs are entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988.

WHEREFORE Plaintiffs pray for judgment against Dr. Ratcliff in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT VI

### Medical Negligence
### (Defendant Dr. Ratcliff)

97.     Plaintiffs incorporate the above allegations as if fully set forth herein.

98.     During Devin's care and treatment by Dr. Ratcliff, Dr. Ratcliff owed a duty to Devin, individually and/or by and through his employees, agents, servants and/or representatives as aforesaid, to use that degree of skill and learning ordinarily used by skillful, careful, and prudent members of the medical profession in providing medical services.

99.     Dr. Ratcliff breached his duty owed to Devin in one or more of the following respects:

    i.   Failed to appropriately diagnose Devin's condition;

    ii.  Failed to appropriately manage and anticipate complications;

    iii. Failed to order appropriate tests;

    iv.  Failed to appropriately treat Devin;

    v.   Failed to timely alert medical doctors of Devin's condition;

    vi.  Failed to provide the required medication to treat Devin's condition;

    vii. Failed to monitor Devin;

    viii. Failed to order monitoring of Devin, and

    ix.  Such further negligence as will be revealed through discovery and the evidence.

100.    As a direct and proximate result of the negligence and carelessness of Dr. Ratcliff as described above, Devin died. Before Devin's death, he suffered severe discomfort, pain and mental anguish.

101.    As a result of his injuries and death, Devin lost wages and his father has lost the benefit of future wages.

17

102.     The conduct of Dr. Ratcliff as described above demonstrates willful, wanton and/or malicious conduct, and shows complete indifference to or conscious disregard for the safety of Devin and others, justifying an award of aggravating circumstances damages in such sum which will serve to punish Dr. Ratcliff and to deter Dr. Ratcliff and others from like conduct in the future

WHEREFORE, Plaintiffs pray for judgment against Dr. Ratcliff in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) that is fair, just and reasonable under the circumstances, for aggravating circumstances damages, for pre- and post-judgment interest, for costs herein expended, and for such other relief as the Court deems just under the circumstances.

## COUNT VII

**42 U.S.C. § 1983 – Deliberately Indifferent Policies, Practices, Customs, Training, and Supervision in Violation of the Fourteenth Amendment**
**(Defendant Franklin County)**

103.     Plaintiffs incorporate the above allegations as though fully set forth herein.

104.     42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

105.     Devin was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

106.     Franklin County is a person under 42 U.S.C. § 1983.

107.     Franklin County and its employees, agents, and representatives were, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

108.    At the time of the incident that is the subject of Plaintiffs' Complaint, Devin had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

109.    Franklin County and its employees, agents, and representatives knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

110.    The acts or omissions of Franklin County and its employees, agents, and representatives, as described herein, deprived Devin of his constitutional and statutory rights, resulting in his death and causing Plaintiffs damages.

111.    Franklin County and its employees, agents, and representatives intentionally, knowingly and purposely deprived Devin of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

112.    Franklin County and its employees, agents, and representatives are policymakers for the Franklin County Jail, and in that capacity, established policies, procedures, customs, and/or practices for the same.

113.    Franklin County and its employees, agents, and representatives maintained policies, procedures, customs, and/or practices exhibiting deliberate indifference to the constitutional rights of citizens, which were the moving forces behind and proximately caused the violations of Devin's constitutional rights as set forth herein.

114.    Franklin County and its employees, agents, and representatives have developed and maintained long-standing, department-wide customs, policies, procedures, practices, and/or failed to properly train and/or supervise its employees, agents and representatives in a manner amounting

19

to deliberate indifference to the constitutional rights of Devin and the public. The inadequacy of training and/or supervision is so likely to result in violation of constitutional and federal rights, such as those described herein, that the failure to provide proper training and supervision is indifferent to those rights.

115.   The deliberately indifferent training and supervision provided by Franklin County and its employees, agents, and representatives resulted from a conscious and deliberate choice to follow a course of action from among various alternatives available to them and were moving forces in Devin's constitutional and statutory violation injuries.

116.   As a direct and proximate result of Franklin County's interference with Devin's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

117.   Franklin County, by and through its agents and employees, actually knew of Devin's objectively serious medical needs, but were deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

    i.   Franklin County knowingly failed to properly monitor Devin;

    ii.   Franklin County knowingly failed to properly treat Devin's medical condition;

    iii.   Franklin County knowingly failed to allow Devin access to appropriate medical services and care for his medical needs;

    iv.   Franklin County knowingly failed to respond to Devin in a timely manner; and,

    v.   Such other acts of deliberate indifference that the evidence will show.

118.   Franklin County policy-making officials have shown deliberate indifference to or tacit authorization of the above conduct after notice to the officials of that misconduct.

119.   Devin's death was caused by Franklin County's unconstitutional customs which delayed the required emergency treatment to save his life.

20

120.    As a result of the unconstitutional policies and customs of Franklin County, emergency treatment of Devin was delayed, causing his death.

121.    The denial or delay of health care treatment for Devin was attributable to something more than simple negligence upon the part of Franklin County officials.

122.    Franklin County's conduct showed a complete indifference to or a conscious disregard for the safety of Devin and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

123.    Plaintiffs are entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988

WHEREFORE Plaintiffs pray for judgment against Franklin County in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT VIII

**42 U.S.C. § 1983 – Deliberate Indifference to Medical Needs in Violation of the Fourth and Fourteenth Amendments**
**(Defendant Hobie Brown in his individual and official capacities)**

124.    Plaintiffs incorporate the above allegations as though fully set forth herein.

125.    42 U.S.C. § 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

126.     Devin was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

127.     Hobie Brown is a person under 42 U.S.C. § 1983.

128.     Hobie Brown was, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri

129.     At the time of the incident that is the subject of Plaintiffs' Complaint, Devin had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

130.     Hobie Brown knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

131.     The acts or omissions of Nathanael Atkinson, as described herein, deprived Devin of his constitutional and statutory rights, resulting in his death and causing Plaintiffs damages.

132.     Hobie Brown intentionally, knowingly and purposely deprived Devin of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

133.     Hobie Brown's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Devin's federally protected rights. The indifference displayed by Hobie Brown shocks the conscience and so violated Devin's Fourteenth Amendment rights.

134.     As a direct and proximate result of Hobie Brown's interference with Devin's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

135.     Hobie Brown actually knew of Devin's objectively serious medical needs, but was deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

     i.     Hobie Brown knowingly failed to properly monitor Devin;

     ii.     Hobie Brown knowingly failed to call medical personnel to treat Devin's medical condition in a timely manner;

     iii.     Hobie Brown knowingly failed to allow Devin access to appropriate medical services and care for his medical needs;

     iv.     Hobie Brown knowingly failed to respond to Devin in a timely manner; and,

     v.     Such other acts of deliberate indifference that the evidence will show.

136.     The denial or delay of health care treatment for Devin was attributable to something more than simple negligence upon the part of Hobie Brown.

137.     Hobie Brown's conduct showed a complete indifference to or a conscious disregard for the safety of Devin and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

138.     Plaintiffs are entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988.

WHEREFORE Plaintiffs pray for judgment against Hobie Brown in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT IX

**42 U.S.C. § 1983 – Deliberate Indifference to Medical Needs in Violation of the Fourth and Fourteenth Amendments**
**(Defendant Andy Rosenkoetter in his individual and official capacities)**

139.     Plaintiffs incorporate the above allegations as though fully set forth herein.

140.     42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

141.    Devin was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

142.    Andy Rosenkoetter is a person under 42 U.S.C. § 1983.

143.    Andy Rosenkoetter was, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

144.    At the time of the incident that is the subject of Plaintiffs' Complaint, Devin had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

145.    Andy Rosenkoetter knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

146.    The acts or omissions of Andy Rosenkoetter, as described herein, deprived Devin of his constitutional and statutory rights, resulting in his death and causing Plaintiffs damage.

147.    Andy Rosenkoetter intentionally, knowingly and purposely deprived Devin of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

148.    Andy Rosenkoetter's actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Devin's federally protected rights. The indifference displayed by Andy Rosenkoetter shocks the conscience and so violated Devin's Fourteenth Amendment rights.

24

149.    As a direct and proximate result of Andy Rosenkoetter's interference with Devin's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

150.    Andy Rosenkoetter actually knew of Devin's objectively serious medical needs, but was deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

i.    Andy Rosenkoetter knowingly failed to properly monitor Devin;

ii.    Andy Rosenkoetter knowingly failed to call medical personnel to treat Devin's medical condition in a timely manner;

iii.    Andy Rosenkoetter knowingly failed to allow Devin access to appropriate medical services and care for his medical needs;

iv.    Andy Rosenkoetter knowingly failed to respond to Devin in a timely manner; and,

v.    Such other acts of deliberate indifference that the evidence will show.

151.    The denial or delay of health care treatment for Devin was attributable to something more than simple negligence upon the part of Andy Rosenkoetter

152.    Andy Rosenkoetter's conduct showed a complete indifference to or a conscious disregard for the safety of Devin and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

153.    Plaintiffs are entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988.

WHEREFORE Plaintiffs pray for judgment against Andy Rosenkoetter in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

## COUNT X

**42 U.S.C. § 1983 – Deliberate Indifference to Medical Needs in Violation of the Fourth and Fourteenth Amendments**
**(Defendant Stephanie Reynolds in her individual and official capacities)**

154.    Plaintiffs incorporates the above allegations as though fully set forth herein.

155.    42 U.S.C. § 1983 provides that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

156.    Devin was a citizen of the United States and thus entitled to the full benefits and equal protection of the Federal Constitution and all laws and regulations enacted thereunder.

157.    Stephanie Reynolds is a person under 42 U.S.C. § 1983.

158.    Stephanie Reynolds was, at all times relevant, acting under the color of ordinances, regulations, customs, and laws of the State of Missouri.

159.    At the time of the incident that is the subject of Plaintiffs' Complaint, Devin had clearly established constitutional rights, including the right under the Fourteenth Amendment to adequate medical treatment.

160.    Stephanie Reynolds knew, or should have known, of these rights at the time of the complained of conduct as they were clearly established.

161.    The acts or omissions of Stephanie Reynolds, as described herein, deprived Devin of his constitutional and statutory rights, resulting in his death and causing Plaintiffs damages.

162.    Stephanie Reynolds intentionally, knowingly and purposely deprived Devin of his clearly established rights, privileges, and immunities as secured by the Constitution and laws of the United States in violation of 42 U.S.C. § 1983.

26

163.    Stephanie Reynolds' actions, as described herein, were also malicious and/or involved reckless, callous, and deliberate indifference to Devin's federally protected rights. The indifference displayed by Stephanie Reynolds shocks the conscience and so violated Devin's Fourteenth Amendment rights.

164.    As a direct and proximate result of Stephanie Reynolds' interference with Devin's federal constitutional and statutory rights, Plaintiffs have suffered damages and losses.

165.    Stephanie Reynolds actually knew of Devin's objectively serious medical needs, but was deliberately indifferent to his needs and violated his Fourteenth Amendment rights in that:

    i.    Stephanie Reynolds knowingly failed to properly monitor Devin;

    ii.    Stephanie Reynolds knowingly failed to call medical personnel to treat Devin's medical condition in a timely manner;

    iii.    Stephanie Reynolds knowingly failed to allow Devin access to appropriate medical services and care for his medical needs;

    iv.    Stephanie Reynolds knowingly failed to respond to Devin in a timely manner; and,

    v.    Such other acts of deliberate indifference that the evidence will show.

166.    The denial or delay of health care treatment for Devin was attributable to something more than simple negligence upon the part of Stephanie Reynolds.

167.    Stephanie Reynolds' conduct showed a complete indifference to or a conscious disregard for the safety of Devin and others, thereby justifying an award of aggravating circumstances damages in such sum as will serve to punish and deter Defendant, and others, from like conduct in the future.

168.    Plaintiffs are entitled to attorney' fees and costs pursuant to 42 U.S.C. 1988.

WHEREFORE Plaintiffs pray for judgment against Stephanie Reynolds in a fair and reasonable amount in excess of seventy-five thousand dollars ($75,000.00) for the harms and losses he has suffered, for his costs incurred herein, for attorneys' fees, for aggravating circumstances damages, and for any further relief this Court deems just and proper.

Respectfully Submitted,

**THE SIMON LAW FIRM, PC**

By:      */s/ Patrick R. McPhail*
John G. Simon, #35231MO
Kevin M. Carnie Jr., #60979MO
Patrick R. McPhail, #70242MO
800 Market Street, Suite 1700
St. Louis, Missouri  63101
(314) 241-2929
(314) 241-2029 / Facsimile
jsimon@simonlawpc.com
kcarnie@simonlawpc.com
pmcphail@simonlawpc.com

*Attorneys for Plaintiffs*